**KELLEY DRYE & WARREN LLP**
Becca J. Wahlquist (State Bar No. 215948)
BWahlquist@kelleydrye.com
Victor J. Sandoval (State Bar No. 344461)
VSandoval@kelleydrye.com
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 547-4900
Facsimile:   (213) 547-4901

*Attorneys for Defendant*
*Laboratory Corporation of America*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINA ESPITIA, on behalf of herself and others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>LABORATORY CORPORATION OF AMERICA; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 2:23CV01998<br><br>**NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of Los Angeles, Case No. 22STCV39326]<br><br>Action Filed:            December 19, 2022<br>Complaint Served:   February 16, 2023<br>Removal Date:         March 17, 2023 |

Case No.
NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446, and 1453, defendant Laboratory Corporation of America ("Labcorp" or "Defendant") hereby removes the above-captioned putative class action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.  This Court has original jurisdiction over this Fair Credit Reporting Act ("FCRA") action pursuant to 28 U.S.C. § 1331. In support of removal, Labcorp states the following:

1. On December 19, 2022, Plaintiff Karina Espitia ("Plaintiff") filed a putative class action complaint against Labcorp in the Superior Court of California, County of Los Angeles, captioned *Karina Espitia v. Laboratory Corporation of America and Does 1-10*, Case No. 22STCV39326 (the "State Court Action").

2. A copy of the complaint in the State Court Action is attached hereto as **Exhibit A** (the "Complaint").

3. The Complaint alleges that Labcorp violated "the Fair Credit Reporting Act [15 U.S.C. §§1681 *et seq.*] ("FCRA"), Investigative Consumer Reporting Agencies Act [Cal. Civ. Code § 1786 *et seq*.]  ("ICRAA"), and Consumer Credit Reporting Agencies Act [Cal. Civ. Code § 1785 *et seq*.] ("CCRAA")." *See* Compl. ¶ 1, 4.

4. Plaintiff alleges the same basis for each cause of action: that Labcorp "did not provide legally compliant disclosures and authorization forms to Plaintiff and the putative class in relation to employment related background investigations." *Id.* ¶ 14. Plaintiff further alleges that Labcorp "routinely acquires consumer, investigative consumer, and or consumer credit reports . . . to conduct background investigations on Plaintiff and other prospective, current, and former employees and uses the information from credit and background reports in connection with [LabCorp]'s hiring process without complying with legal requirements." *See id*. ¶ 2.

5. Plaintiff purports to bring the claims on behalf of a nationwide class of

persons (the "FCRA Class") with the following proposed membership:

> "**FCRA Class**" **-** All of Defendant's current, former, and prospective applicants for employment in the United States who applied for a job with Defendant at anytime during the period beginning five years prior to the filing of the Complaint in this action through the time of class certification.

*Id.* ¶ 16(i).

6. Plaintiff also asserts claims on behalf of two putative California subclasses in regards to the same alleged deficiency with background check disclosures:

> "**ICRAA Class**" All of Defendant's current, former, and prospective applicants for employment in California who applied for a job with Defendant at anytime during the period beginning five years prior to the filing of the Complaint in this action through the time of class certification.

*Id.* ¶ 16(ii).

> "**CCRA Class**" - All of Defendant's current, former, and prospective applicants for employment in California who applied for a job with Defendant at anytime during the period beginning seven years prior to the filing of the Complaint in this action through the time of class certification.

*Id.* ¶ 16(ii).

7. Plaintiff alleges the same common questions of law exist for **each of** the putative FCRA, ICRAA, and CCRAA classes. *Id.* ¶¶ 17(f)-(l). The claims thus are so related that they form part of the same case or controversy under Article III.

8. On February 16, 2023, Plaintiff served the Complaint and Summons on Labcorp. The time for Labcorp to answer or otherwise plead in the State Court Action has not expired.

9. This Notice of Removal is filed within the time prescribed under 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL**

10. Plaintiff's first two causes of action – (1) Violation of 15 U.S.C. § 1681b(b)(2)(A) (Fair Credit Reporting Act), and (2) Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act) – are brought on behalf of a putative nationwide class under federal law. Compl. ¶¶ 16(i), 31, 33-38.

11. The district courts of the United States have original jurisdiction over claims "arising under the...laws...of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. section 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed by the defendant to the "district court of the United States for the district and division embracing the place where such action is pending." Moreover, Ninth Circuit courts have "broad adjudicatory authority" over matters arising under the laws of the United States. *Leeson v. Transamerica Disability Income Plan,* 671 F.3d 969, 974 (9th Cir. 2012).

12. Here, the Complaint asserts civil actions arising under the laws of the United States, and thus raises federal questions appropriate for adjudication in district court. *See generally Currier v. First Magnus Fin. Corp.,* 2011 WL 4043423, at *1 (D. Nev. Sept. 8, 2011) (noting that the "vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action ..." (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808 (1986)).

13. To the extent that Plaintiff asserts additional and related causes of action under California state law, the district court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the state law claims arise out of the same events and transactions between the parties (here, the allegedly deficient background check process).

14. As the requirements of federal question jurisdiction and supplemental jurisdiction are met, removal is proper under 28 U.S.C. sections 1331 and 1367.

## REMOVAL IS PROCEDURALLY PROPER

15. Removal is timely because Labcorp filed this notice within thirty days of Plaintiff's February 16, 2023 service of the Complaint on Labcorp. *See* 28 U.S.C. § 1446(b)(1).

16. Removal to this Court is proper because the United States District Court for the Central District of California embraces the location where the State Court Action was commenced and is pending—Los Angeles, California. *See* 28 U.S.C. §§ 89(b), 1441(a).

17. Labcorp submits with this notice a copy of all process, pleadings, and orders served upon it in this action as **Exhibit B**. *See* 28 U.S.C. § 1446(a).

18. Labcorp has already informed Plaintiff's counsel that it would be removing this action and will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

19. Labcorp will promptly file a copy of this notice of removal with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

20. If the Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction, the time within which to remove will have not begun to run, and Labcorp reserves the right to remove this action at the appropriate time. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

21. Labcorp does not waive, and expressly preserves, all objections and defenses it may have, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.

| | | |
|---|---|---|
| 1 | DATED: March 17. 2022 | KELLEY DRYE & WARREN LLP<br>Becca J. Wahlquist |
| 2 | | |
| 3 | | By:  /s/ Becca J. Wahlquist |
| 4 | | Becca J. Wahlquist<br>Attorneys for Defendant Laboratory |
| 5 | | Corporation of America |

1

2 **PROOF OF SERVICE**

3 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4  At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 350 South Grand Avenues, Suite 3800, California 90071.

5

6 On March 17, 2023, I served a true copy of the foregoing document described as **NOTICE OF REMOVAL** on the interested parties in this action as follows:

7

8  MOORADIAN LAW, APC.
  Zorik Mooradian
9  zorik@mooradianlaw.com
  Haik Hacopian
10  Haik@mooradianlaw.com
  24007 Ventura Blvd., Suite 210
11  Calabasas, CA 91302

12  *Attorneys for Plaintiff Karina Espitia, individually and on behalf of other persons similarly situated*

13

14 **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

15

16

17

18  **FEDERAL:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19  Executed on March 17, 2023, at Los Angeles, California.

20

21  *[signature]*
  _____
  Wanda Taylor

22

23

24

25

26

27

28

6
NOTICE OF REMOVAL     Case No.