# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/19/2022 06:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

Zorik Mooradian, Esq., CSB No. 136636
zorik@mooradianlaw.com
Haik Hacopian, Esq., CSB No. 282361
haik@mooradianlaw.com
MOORADIAN LAW, APC
24007 Ventura Blvd., Suite 210
Calabasas, CA 91302
Telephone: (818) 487-1998
Facsimile: (888) 783-1030

Attorneys for: Plaintiff KARINA ESPITIA, individually and on behalf of other persons similarly situated

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

| | |
|---|---|
| KARINA ESPITIA, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA, an active Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: 22STCV39326<br><br>Assigned to:<br>Department:<br><br>**COMPLAINT – CLASS ACTION**<br>**JURY TRIAL DEMANDED**<br><br>1. Violation of 15 U.S.C. § 1681b(b)(2)(A) (Fair Credit Reporting Act);<br>2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act);<br>3. Violation of California Civil Code §1786 et seq. (Investigative Consumer Reporting Agencies Act); and<br>4. Violation of California Civil Code §1785 et seq. (Consumer Credit Reporting Agencies Act) |

**COMPLAINT - CLASS ACTION -1-**

Plaintiff KARINA ESPITIA ("Plaintiff"), on behalf of herself and all others similarly situated, based on information and belief, complains and alleges:

## I.

## INTRODUCTION

1. This class action lawsuit arises out of Defendant LABORATORY CORPORATION OF AMERICA's (referred here as "LABCORP" or "Defendant") alleged violations of the Fair Credit Reporting Act ("FCRA"), Investigative Consumer Reporting Agencies Act ("ICRAA"), and Consumer Credit Reporting Agencies Act ("CCRAA").

2. Plaintiff alleges that LABCORP routinely acquires consumer, investigative consumer, and or consumer credit reports ("Background Reports") to conduct background investigations on Plaintiff and other prospective, current, and former employees and uses the information from credit and background reports in connection with LABCORP's hiring process without complying with legal requirements.

3. Defendant is engaged in the business of ownership and operation of clinical laboratory facilities. Plaintiff Espitia was hired on or about April 4, 2022 and separated on or about August 5, 2022. Plaintiff was employed by Defendant at their facility located at 3504 South Street in Lakewood, California 90712.

4. Plaintiff, on behalf of herself and all Class Members, brings this action seeking compensatory and punitive damages as a consequence of Defendant's willful and systematic violations of 15 U.S.C. §§1681 et seq. (FCRA), Cal. Civ. Code § 1786 et seq. (ICRAA), and Cal. Civ. Code § 1785 et seq. (CCRAA).

## II.

## JURISDICTION AND VENUE

5. Venue as to as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. The County of Los Angeles is the proper venue, because the legal obligations owed by Defendant to Plaintiff and other class

COMPLAINT - CLASS ACTION -2-

members were breached in the County of Los Angeles, and which include transactions and occurrences that comprise the subject matter of this Complaint.

6. The California Superior Court has jurisdiction in this matter, because Plaintiff is a resident of California, Defendant is qualified to do business in California and regularly conducts business in California.

## III.

## THE PARTIES

7. Plaintiff KARINA ESPITIA is a resident of the State of California, and was employed by Defendant in Los Angeles County from on or about April 4, 2022 through on or about August 5, 2022.

8. Defendant LABORATORY CORPORATION OF AMERICA was an active Delaware Corporation at all times during the claims of Plaintiff and the putative classes, was doing business in California, and was headquartered in California.

9. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the defendants sued herein as Does 1 through 10, but she is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

10. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

**COMPLAINT - CLASS ACTION -3-**

IV.

**GENERAL ALLEGATIONS**

11. At all times relevant here and as set forth in the following paragraphs of this Complaint, Defendant conducted background investigations in relation to the hiring of its employees.

12. Plaintiff was employed by Defendant as an employee, employed within the State of California. Plaintiff Espitia was hired on or about April 4, 2022 and separated on or about August 5, 2022.

13. When Plaintiff applied for employment, Defendant performed a background investigation of Plaintiff.

14. Based on information and belief, Defendant did not provide legally compliant disclosures and authorization forms to Plaintiff and the putative class in relation to employment related background investigations.

15. Plaintiff asserts claims for relief on behalf of herself and other similarly situated persons as a class action pursuant to Code of Civil Procedure § 382.  Plaintiff and all members of her putative classes are described below with specificity and whose rights have been violated under the law. Defendant has made no effort as of the filing of this Complaint to correct or remedy the violations of law specified here.

V.

**CLASS ACTION ALLEGATIONS**

16. Plaintiff brings this action on behalf of herself and all other similarly-situated persons as a class action pursuant to California Code of Civil Procedure § 382. There is a well-defined common interest by and among Plaintiff and the putative class members, and it is impractical to bring all those individuals before the court under separate, different and repetitive actions. Plaintiff also reserves the right to amend or modify the class descriptions set forth below in greater specificity or clarity if required in the future in accordance with Rule

3.765 (b), California Rules of Court. The classes which Plaintiff seeks to represent are composed of and defined as follows:

(i) **"FCRA Class"** – All of Defendant's current, former, and prospective applicants for employment in the United States who applied for a job with Defendant at anytime during the period beginning five years prior to the filing of the Complaint in this action through the time of class certification.

(ii) **"ICRAA Class"** – All of Defendant's current, former, and prospective applicants for employment in California who applied for a job with Defendant at anytime during the period beginning five years prior to the filing of the Complaint in this action through the time of class certification.

(iii) **"CCRAA Class"** – All of Defendant's current, former, and prospective applicants for employment in California who applied for a job with Defendant at anytime during the period beginning seven years prior to the filing of the Complaint in this action through the time of class certification.

17. There is a well-defined community of interest among many persons who comprise a readily ascertainable class:

a) Numerosity - The potential members of the Classes as defined here are so numerous that the individual joinder of all of them as named plaintiffs is impracticable. The number of members of the Classes is unknown to Plaintiff. It is however estimated that the members are more than 100 individuals, and their identities may readily be ascertained from Defendant's records.

b) Typicality – The claims of Plaintiff are typical of the claims of all members of the Classes, who sustained similar damages arising out of Defendant's common course of conduct in violation of law as alleged.

c) Ascertainable Class – The proposed Classes are ascertainable as the members can readily be identified and located based on the Defendant's hiring and personnel records.

d) Adequacy – Plaintiff is an adequate representative of the Classes: Plaintiff will fairly protect the interests of the members, she has no interest adverse to the members, and she will vigorously pursue this lawsuit on behalf of all the members of the Classes. Plaintiff's attorneys are competent, skilled and experienced in litigating class actions.

e) Superiority - Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual members of the Classes are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for the members to seek and obtain relief. A class action will serve an important public interest by permitting individuals harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

f) Common Questions of Law and Fact – There are common questions of law and fact as to the members of the Classes which are superior to questions affecting only individual members of the Classes. The common questions of law and fact may be summarized as follows and if necessary will be refined with the progress of formal discovery in the case:

g) Whether Defendant willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with statutory requirements?

**COMPLAINT - CLASS ACTION -6-**

EXHIBIT A
PAGE 13

h) Whether any disclosure provided to job applicants and employees by Defendant violated statutory requirements by including extraneous information?

i) Whether any disclosure provided to job applicants and employees by Defendant violated statutory requirements by failing to include clear and conspicuous writing?

j) Whether Defendant willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation?

k) Whether Defendant willfully failed to identify the source of the credit report to be performed?

l) Whether Defendant's affirmative defenses, if any, raise common issues of law and fact as to the Classes in particular?

## VI.

### FIRST CAUSE OF ACTION
**FAILURE TO MAKE PROPER DISCLOSURE ON VIOLATION OF THE FCRA**
**(By Plaintiff and the FCRA Class against Defendant)**

18. Plaintiff incorporates paragraphs 1 through 17 of this Complaint as if fully alleged herein.

19. Defendant is a "person(s)" as defined by Section 1681a(b) of the FCRA. Plaintiff and class members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

20. A credit and background report qualifies as a consumer report because Section 1681a(d)(1) of the FCRA defines "consumer report" in relevant part as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for

**COMPLAINT - CLASS ACTION -7-**

the purpose of serving as a factor in establishing the consumer's eligibility for (B) employment purposes.

21. A credit and background report qualifies as an investigative consumer report because Section 1681a(e) of the FCRA defines "investigative consumer report" in relevant part as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.

22. Section 1681b(b) of the FCRA provides, in relevant part:

> (b) Conditions for furnishing and using consumer reports for employment purposes
>
> (2) Disclosure to consumer
>
> (A) In general
>
> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless-
>
> i.  *a clear and conspicuous disclosure* has been made in writing to the consumer at any time before the report is procured or caused to be procured, in *a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
> ii. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

23. Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendant procured or caused to be prepared Background Reports (i.e., a consumer report and/or investigative consumer report, as defined above)

**COMPLAINT - CLASS ACTION -8-**

24. The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information, and not clear and unambiguous disclosures in standalone documents. Extraneous information within the disclosure includes, but is not limited to, misleading information on the applicant's rights under other sections of the FCRA, having the applicant fill out extensive background information, and placing a disclaimer regarding the use of the background information that is being provided.

25. Under the FCRA, it is unlawful to procure or cause to be procured, a consumer report or investigative report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. The inclusion of any extraneous information therefore violates the FCRA.

26. By including extraneous information, Defendant willfully disregarded and violated § 1681b(b)(2)(A) of the FCRA.

27. Defendant's conduct in violation of § 1681b(b)(2)(A) of the FCRA is willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and class members. Defendant's willful conduct is reflected by, *inter alia*, the following facts:

    (a) Defendant is a large corporation with access to legal advice;

    (b) Defendant required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendant's awareness of and willful failure to follow the governing laws concerning such authorizations;

    (c) The Federal Trade Commission's ("FTC") express statement indicating that it is a violation of § 1681b(b)(2)(A) of the FCRA to include a liability waiver or extraneous information in the FCRA disclosure form.

28. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that

Defendant has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured to applicants and employees without informing such applicants of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

29. Accordingly, Defendant willfully violated and continues to violate the FCRA including, but not limited to, §1681b(b)(2)(A) and §1681d(a). Defendant's willful conduct is reflected by, among other things, the facts set forth above.

30. As a result of Defendant's illegal procurement of credit and background reports by way of its inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

31. Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

32. In the alternative to Plaintiff's allegations that these violations were willful, Plaintiff alleges that the violations were negligent and seek the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

//
//
//
//

# VII.

## SECOND CAUSE OF ACTION
## FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF THE FCRA
### (By Plaintiff and FCRA Class against Defendant)

33. Plaintiff incorporates paragraphs 1 through 32 of this Complaint as if fully alleged herein.

34. Section 1681d(a)(l) provides, in relevant part:

   (a) Disclosure of fact of preparation

   A person may not procure or cause to be prepared an investigative consumer report on any consumer unless-

   (1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure (A) is *made in a writing mailed, or otherwise delivered*, to the consumer, not later than three days after the date on which the report was first requested, and (B) *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section and *the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; (Emphasis Added.)

35. Subsection Section 1681d(b) provides, in relevant part:

   (b) Disclosure on request of nature and scope of investigation

   Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(l), make a *complete and accurate disclosure of the nature and scope of the investigation requested*; (Emphasis Added). This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received

COMPLAINT - CLASS ACTION -11-

EXHIBIT A
PAGE 18

from the consumer or such report was first requested, whichever is the later.

36. Defendant did not comply with Section 1681d(a)(1) and 1681d(b).

37. Section 1681g(c) further provides summary of rights to obtain and dispute information in consumer reports and to obtain credit scores, in relevant part, as follows:

(1) Commission summary of rights required

(A) In General

The Commission shall prepare a model summary of the rights of consumers under this subchapter.

(B) Content of summary

The summary of rights prepared under subparagraph (A) shall include a description of-

(i) the *right of a consumer to obtain a copy of a consumer report* under subsection (a) from each consumer reporting agency;

(ii) the *frequency and circumstances under which a consumer is entitled to receive a consumer report without charge* under section 1681j of this title;

(iii) the right of a consumer to *dispute information* in the file of the consumer under section 1681i of this title;

(iv) *the right of a consumer to obtain a credit score* from a consumer reporting agency, and a description of how to obtain a credit score;

(v) the *method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge*, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

(vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 168la(w) of this title, as provided in the regulations of the

**COMPLAINT - CLASS ACTION -12-**

EXHIBIT A
PAGE 19

> Bureau prescribed under section 168lj(a)(1)(C) of this title; (Emphasis Added).

38. Defendant did not comply with 1681g(c).

## VIII.

## THIRD CAUSE OF ACTION
## FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF ICRAA
### (By Plaintiff and the ICRAA against Defendant)

39. Plaintiff incorporates paragraphs 1 through 38 of this Complaint as if fully alleged herein.

40. Defendant is a "person" as defined by Section 1786.2(a) of the ICRAA.

41. Plaintiff and ICRAA Class members are "consumers" within the meaning of Section 1786.2(b) of the ICRAA because they are individuals.

42. Section 1786.2(c) of the ICRAA defines, in relevant part, "investigative consumer report" as:

> a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

43. Thus a background check qualifies as an investigative consumer report under the ICRAA.

44. Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes...the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> (B) The person procuring or causing the report to be made provides a *clear and conspicuous disclosure* in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*, that:
>
> (i) An investigative consumer report may be obtained.
> (ii) The permissible purpose of the report is identified.

COMPLAINT - CLASS ACTION -13-

EXHIBIT A
PAGE 20

  (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

  (iv) Identifies ***the name, address, and telephone number of the investigative consumer reporting agency*** conducting the investigation.

  (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

  (vi) ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency*** identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012. (Emphasis Added.)

45. Plaintiff contends that Defendant's disclosure document violates the ICRAA's standalone document requirement since the purported disclosure is embedded with extraneous information that does not effectuate the purposes of the ICRAA.

46. Plaintiff further contends that Defendant's disclosure document violated the ICRAA's requirement that the disclosure be in a standalone document that is clear and conspicuous.

47. Plaintiff further contends that Defendant's disclosure document violated the ICRAA's prohibition of including a release in the disclosure form because such form would not consist solely of the disclosure.

48. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that Defendant has a policy and practice of procuring investigative consumer

**COMPLAINT - CLASS ACTION -14-**

EXHIBIT A
PAGE 21

reports or causing investigative consumer reports to be procured for applicants and employees without providing such applicants the required disclosures under the ICRAA. Pursuant to that policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing Plaintiff and class members of their rights to request a written summary of their rights under the ICRAA.

49. Accordingly, Defendant willfully violated and continues to violate ICRAA including, but not limited to, §1786.16(b)(l). Defendant's willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

50. Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code §1786.50, including statutory damages and/or actual damages and attorneys' fees and costs.

## IX.

## FOURTH CAUSE OF ACTION
## FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF CCRAA
### (By Plaintiff CCRAA Class Members against Defendant)

51. Plaintiff incorporates paragraphs 1 through 50 of this Complaint as if fully alleged herein.

52. Defendant is a "person" as defined by Section 1785.3(j) of the CCRAA.

53. Plaintiff and CCRAA Class members are "consumers" within the meaning of Section 1785.3(b) of the CCRAA because they are "natural individuals."

54. Section 1785.3(c) of the CCRAA defines "consumer credit report," in relevant part, as:

> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: ...(2) employment purposes...

**COMPLAINT - CLASS ACTION -15-**

55. Thus a credit report qualifies as a consumer credit report under the CCRAA.

56. Section 1785.20.5(a) of the CCRAA provides, in relevant part:

> Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and shall identify *the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report*...(Emphasis Added.).

57. Plaintiff alleges that in evaluating them and other class members for employment, Defendant procured or caused to be prepared consumer background reports (i.e., credit reports) as defined by Cal. Civ. Code § 1785.3(c).

58. Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees before procuring credit reports or causing credit reports to be procured, as described above. Pursuant to that policy and practice, Defendant procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with §1785.20.5(a) of the CCRAA as described above.

59. Defendant's conduct in violation of §1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendant acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and class members, Defendant's willful conduct is reflected by, among other things, the facts stated above.

60. As a result of Defendant's illegal procurement of credit reports by way of its inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, due to having their privacy and statutory rights invaded in violation of the CCRAA.

61. Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

## X.
## PRAYER FOR RELIEF

**WHEREFORE**, on behalf of herself and all others similarly situated, Plaintiff prays for relief and judgment against Defendant as follows:

A. An order certifying that Plaintiff may pursue her claims as a class action under Section 382 of the Code of Civil Procedure; and it is further requested that the Classes be certified;

B. An order appointing Plaintiff as Class representative;

C. An order appointing Plaintiff's counsel as Class counsel;

D. Statutory penalties;

E. Civil penalties

F. Punitive damages

G. Reasonable attorney's fees and costs; and

H. For such other relief that the Court may deem just and proper.

DATED: Dec. 19, 2022          MOORADIAN LAW, APC

By: _____
Zorik Mooradian,
Haik Hacopian,
Attorneys for Plaintiff and the putative class

**COMPLAINT - CLASS ACTION -17-**

## DEMAND FOR A JURY TRIAL

Plaintiff KARINA ESPITIA hereby demands a jury trial in the above case.

DATED: Dec. 19, 2022

MOORADIAN LAW, APC

By: _____
Zorik Mooradian,
Haik Hacopian,
Attorneys for Plaintiff and the putative class